ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| VIVIAN MARIE BURNS JIMÉNEZ <br><br> Recurrente <br><br> v. <br><br> DEPARTAMENTO DE VIVIENDA DE PUERTO RICO <br><br> Recurrido | TA2025RA00111 | *Revisión Administrativa* procedente de la Junta Adjudicativa del Departamento de la Vivienda <br><br> Caso Núm.: AR-22-00109 <br><br> SOBRE: Programa SBF (PR SBF 06353) |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Prats Palerm, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de octubre de 2025.

Comparece Vivian Burns Jiménez ("señora Burns Jiménez" o "Recurrente") mediante *Recurso de Revisión* y nos solicita que revisemos una *Resolución Final y Orden* emitida el 25 de junio de 2025, notificada el 26 de junio de 2025, por el Departamento de Vivienda de Puerto Rico ("DVPR" o "Recurrido"). En virtud del referido dictamen, el DVPR denegó la Solicitud de Revisión Administrativa instada por la recurrente, con relación a la Subvención de Recuperación del Programa de Financiamiento para Pequeñas Empresas ("Programa SBF").

Por los fundamentos que proceden, se *confirma* la determinación recurrida.

**I.**

El caso que nos ocupa tuvo su génesis procesal el 30 de septiembre de 2021 cuando la señora Burns Jiménez solicitó asistencia al Programa SBF. La recurrente reclamó $100,000.00 en pérdidas financieras a causa del paso de los huracanes Irma y/o María.

Posteriormente, el 17 de marzo de 2022 el Programa SBF emitió una *Notificación de Inelegibilidad para la Subvención de Recuperación Programa de Financiamiento para Pequeñas Empresas*. En síntesis, esbozó que el negocio de la recurrente no era elegible, ya que no presentó evidencia para sustentar que

sufrió daños por los huracanes. Asimismo, explicó que, para cualificar, debía demostrar que sufrió: (1) un mínimo de $5,000.00 en daños físicos, verificados por un tercero; o (2) pérdida financiera documentada por las planillas del año 2017, un descenso de sus ingresos brutos anuales de quince por ciento (15%) entre 2016 a 2017, o de 2017 a 2018 si el negocio no existía en el 2016, y/o prueba de cierre de un negocio anterior del mismo dueño.

Inconforme, el 25 de marzo de 2022, la señora Burns Jiménez solicitó reconsideración ante el Programa SBF. La recurrente expuso que, para el paso de los huracanes, apenas había iniciado su negocio en Caguas. Expresó que, luego de los huracanes mudó su oficina a San Juan, ya que se le dificultó llegar a Caguas. Añadió que en la residencia donde vivía tenía una oficina, pero que, debido a los huracanes, perdió los equipos de trabajo ubicados en esta.

Ese mismo día, el Programa SBF emitió una *Notificación de Solicitud de Reconsideración Denegada*. Precisó que, en el caso de la señora Burns Jiménez, las evidencias recibidas para validar los daños físicos no fueron verificadas por un tercero, contrario a lo requerido por las Guías del Programa. Destacó, además, que la recurrente tampoco evidenció haber sufrido pérdidas financieras.

Insatisfecha aún, el 28 de marzo de 2022, la recurrente presentó una *Solicitud de Revisión Administrativa* ante la División Legal del Programa CDBG-DR/MIT del DVPR.[1]

El 18 de julio de 2022, el DVPR instó una *Moción de Desestimación*. Señaló que la parte recurrente no logró demostrar que tuvo pérdidas financieras o daños físicos ocasionados por los huracanes. Adujo que, por el contrario, según las planillas del 2016-2018, la señora Burns Jiménez tuvo un ingreso sustancial, lo que la hacía inelegible para recibir asistencia. Añadió que, en cuanto a los daños físicos, no logró evidenciar que los mismos fueran causados por los Huracanes Irma y/o María, o que ascendieran a más de $5,000.00. Reiteró, además, que, conforme a las Guías del Programa, los daños físicos debían ser verificados por un tercero.

---

[1] Advertimos que desconocemos el contenido o los fundamentos de la Solicitud de Revisión Administrativa, ya que la recurrente omitió presentar copia de la misma.

Por otra parte, expresó que, a pesar de que el Programa SBF evaluó varias veces los documentos sometidos por la señora Burns Jiménez a los fines de modificar la determinación de inelegibilidad, no podían actuar contrario a lo establecido por las Guías del Programa. Por tanto, sostuvo que la solicitud de revisión administrativa resultaba improcedente.

El 14 de octubre de 2022, la recurrente notificó su *Moción en Oposición a Moción de Desestimación*. Expresó que su negocio, Lens for Less, consistía en realizar exámenes visuales y ventas de espejuelos recetados, mayormente a pacientes ambulatorios. Arguyó que, desde el año 2011, su negocio estuvo localizado en su residencia en San Juan, ya que trabajaba remoto. Sostuvo que la residencia sufrió daños físicos ocasionados por el Huracán María. Para sustentar tal alegación, presentó una declaración jurada de un perito electricista a quien contrató para realizar unas reparaciones. Además, destacó que el Federal Emergency Management Administration ("FEMA") había inspeccionado la propiedad y realizado un sellado de techo.

Por otro lado, alegó, por primera vez, que la residencia donde trabajaba fue entregada voluntariamente al banco, tras el paso de los huracanes, debido a que se encontraba económicamente impedida de arreglar la propiedad. Con la intención de evidenciar tal alegación, presentó un documento intitulado *"Entrega Voluntaria"*, donde surge que la residencia fue entregada al banco en el año 2013.

Luego de varios trámites, el 14 de agosto de 2023, se celebró una Vista Adjudicativa ante el DVPR, mediante la cual testificó la señora Burns Jiménez y el Oficial de Reconsideración, Eric M. Alers Morales ("señor Alers Morales"). Aquilatada la prueba documental y testifical, el 25 de junio de 2025, notificada el día siguiente, el DVPR dictaminó una *Resolución y Orden*, mediante la cual denegó la solicitud de revisión instada por la recurrente. La agencia recurrida formuló las siguientes determinaciones de hechos:

1. La Sra. Vivian Burns Jiménez h/n/c Lens for Less, solicitó el 30 de septiembre de 2021 participar en el Programa SBF.

2. El 17 de marzo de 2022 el Programa SBF le notificó a la parte Promovente la Notificación de Inelegibilidad para la Subvención de Recuperación. En la Determinación de Inelegibilidad se le informó a la parte Promovente que esta no pudo evidenciar las pérdidas

financieras ya que tuvo un ingreso sustancial en las planillas de 2016 al 2018. Además, se le indicó que, en cuanto a los daños físicos, que no pudo demostrar que estos fueran ocasionados por los huracanes o que la cantidad fuese mayor de $5,000.00 ya que no presentó certificación de terceros que estableciera que los daños fueran a causa de los huracanes.

3. El 25 de marzo de 2022, la parte Promovente presentó el Formulario de Solicitud de Reconsideración ante el Programa SBF.

4. El 25 de marzo de 2022, el Programa SBF denegó la Solicitud de Reconsideración ante el Programa, fundamentándose en su determinación inicial y la denegatoria de la reconsideración.

5. El 28 de marzo de 2022, la parte Promovente presentó una Solicitud de Revisión Administrativa, la cual cursó mediante correo electrónico dirigido a la División Legal del Programa CDBG-DR/MIT del Departamento de la Vivienda, donde indicaba su inconformidad con la determinación del Programa SBF.

6. Del Registro de Comerciante de Lens for Less emitido el 29 de abril de 2016, surge que la dirección del negocio era de Villas de Cupey, Calle Zenobia D17, San Juan, Puerto Rico.

7. El Municipio Autónomo de San Juan emitió el 11 de julio de 2011 una consulta especial donde se estableció que la parte Promovente no mantenía un sitio o lugar de estructura física de trabajo u oficina ya que trabajaba desde las facilidades de sus clientes.

8. La propiedad inmueble donde ubicaba el negocio de la parte Promovente fue entregada voluntariamente a Fannie Mae en el 2013.

9. Los daños no fueron ocasionados por el paso del huracán Irma y/o María, pero si por el deterioro de una propiedad en desuso.

10. Los ingresos de la parte Promovente para el año 2016 fueron $10,492.00, no hubo pérdidas.

11. Los ingresos de la parte Promovente para el año 2017 fueron de $15,124.00, no tuvo pérdidas.

12. Los ingresos de la parte Promovente para el año 2018 fueron de $56,095.00, tuvo ganancia.

13. El negocio continúo operando luego del paso del Huracán Irma y/o María.

14. La parte Promovente no presentó evidencia de tercero que sustentara de forma detallada que tipo de daños alegadamente sufrió en la propiedad.[2]

Así dispuesto, concluyó que la señora Burns Jiménez no cumplió con los requisitos para ser elegible para el Programa SBF. De manera particular, detalló que la recurrente no proveyó documentación suficiente para evaluar si el negocio

---

[2] Apéndice del recurso, Entrada Núm. 2, págs. 3-4.

sostuvo daños físicos a consecuencia de los Huracanes Irma y/o María por una cantidad mayor de $5,000.00, según exigen las Guías del Programa. En cambio, expuso que, de la evidencia tanto documental como testifical se desprendía que los daños fueron causados por el desuso de la propiedad.

Insatisfecha, el 29 de julio de 2025, la señora Burns Jiménez acudió ante esta Curia mediante *Recurso de Revisión*. La recurrente le imputó a la agencia administrativa la comisión de los siguientes errores:

> **Erró el Programa al aplicar las Guías del Programa SBF con rigidez extrema, sin valorar adecuadamente la realidad operacional y el contexto particular del negocio ambulatorio de la promovente y la utilización literal del requisito de "verificación por terceros" para daños.**

> **Erró el oficial examinador cuando concluyó en la Resolución la descalificación sumariamente de los documentos y fotografías sometidas por la promovente sin fundamentar de manera específica por qué no cumplían el estándar de veracidad o suficiencia. Tal proceder constituye una violación al debido proceso de ley, al no analizar de forma individualizada ni ponderar la totalidad de la prueba testimonial y documental presentada en vista administrativa.**

> **Erró el oficial examinador cuando concluyó que los daños no fueron causados por los huracanes. Se concluyó, sin evidencia técnica concluyente, que los daños sufridos por la promovente eran producto del "desuso de la propiedad", basándose en la entrega voluntaria de la propiedad en el año 2013, cuya fecha fue un error de parte Fannie Mae. Sin embargo, la prueba no excluye que el equipo y mobiliario afectado en 2017 estuviera ubicado en otra estructura utilizada como oficina o lugar de operaciones del negocio. Además, se ignoró que el negocio era ambulatorio, lo que implica flexibilidad en el lugar de operaciones y refuerza la necesidad de una evaluación contextual y no formalista.**

El 29 de agosto de 2025, el DVPR notificó su *Alegato en Oposición a Recurso de Revisión*. Entre otras, la agencia recurrida sostiene que procede la desestimación del recurso de epígrafe debido a que el apéndice de la recurrente carece de documentos indispensables para auscultar nuestra jurisdicción y porque el expediente se encuentra ausente de la reproducción de la prueba oral. Asimismo, señala que el apéndice incluye prueba documental que no fue desfilada ante la agencia recurrida.

Ante ello, el 2 de septiembre de 2025, notificada el día siguiente, este Tribunal emitió una *Resolución* mediante la cual le ordenamos a la señora Burns Jiménez expresarse en torno a la solicitud de desestimación. En cumplimiento,

el 5 de septiembre de 2025, la recurrente instó una *Moción en Cumplimiento de Orden*. El 8 de septiembre de 2025, notificada el día siguiente, dictaminamos una *Resolución*, en virtud de la cual, entre otras, le concedimos un término a la parte recurrente para presentar la transcripción de la prueba oral ("TPO"). En cumplimiento, el 14 de octubre de 2025, la recurrente notificó su *Alegato Suplementario Parte Recurrente*, acompañado de la TPO estipulada. A su vez, el 27 de octubre de 2025, el DVPR instó su *Oposición a Alegato Suplementario*. Perfeccionado el recurso y contando con el beneficio de la comparecencia de las partes, nos encontramos en posición de resolver.

**II.**

**-A-**

La Sección 4.1 de la Ley Núm. 38-2017, Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico ("LPAU"), 3 LPRA sec. 9671, dispone que las decisiones administrativas pueden ser revisadas por el Tribunal de Apelaciones. La finalidad de esta disposición es delimitar la discreción de los organismos administrativos para asegurar que estos ejerzan sus funciones conforme a la ley y de forma razonable. *Hernández Feliciano v. Mun. Quebradillas*, 211 DPR 96, 113-114 (2023). Es norma reiterada que, al revisar las determinaciones de los organismos administrativos, los tribunales apelativos le conceden gran consideración y deferencia, por la experiencia y el conocimiento especializado que estos poseen. *Íd.*

Por su parte, la Sección 4.5 de la LPAU, 3 LPRA sec. 9675, establece que los tribunales deben sostener las determinaciones de hechos de las agencias si están basadas en "*evidencia sustancial que obra en el expediente administrativo*". Como vemos, la norma anterior nunca ha pretendido ser absoluta. Por eso, el Tribunal Supremo ha resuelto con igual firmeza que, los tribunales no podemos imprimirle un sello de corrección, so pretexto de deferencia, a las determinaciones o interpretaciones administrativas irrazonables, ilegales, o simplemente contrarias a derecho. *Super Asphalt v. AFI y otro*, 206 DPR 803 (2021); *Graciani Rodríguez v. Garaje Isla Verde*, 202 DPR 117 (2019).

Por otro lado, la citada Sección 4.5 de la LPAU, *supra*, dispone que "*[l]as conclusiones de derecho serán revisables en todos sus aspectos por el tribunal*". Aun así, se sustituirá el criterio de la agencia cuando no se pueda hallar fundamento racional que explique o justifique el dictamen administrativo. *Rolón Martínez v. Superintendente*, 201 DPR 26 (2018). Por ende, "*los tribunales deben darle peso y deferencia a las interpretaciones que la agencia realice de aquellas leyes particulares que administra*". *Íd.* Lo anterior responde a la vasta experiencia y al conocimiento especializado que tienen las agencias sobre los asuntos que le son encomendados. *Capó Cruz v. Junta de Planificación,* 204 DPR 581 (2020).

Por consiguiente, dada la presunción de corrección y regularidad que reviste a las determinaciones de hecho elaboradas por las agencias administrativas, estas deben ser respetadas mientras la parte que las impugna no produzca evidencia suficiente para derrotarlas. *Graciani Rodríguez v. Garaje Isla Verde, supra*. Al revisar las decisiones de las agencias, el criterio rector que debe guiar a los tribunales es la razonabilidad de la actuación, aunque esta no tiene que ser la única o la más razonable. *Hernández Feliciano v. Mun. Quebradillas, supra.*

Por lo tanto, si al momento de examinar un dictamen administrativo se determina que: (1) la decisión administrativa no está basada en evidencia sustancial; (2) la agencia erró en la aplicación de la ley; (3) el organismo administrativo actuó de manera irrazonable, arbitraria o ilegalmente; o (4) su actuación lesiona derechos constitucionales fundamentales, entonces la deferencia hacia los procedimientos administrativos cede. *Íd.*

Acorde con lo antes expuesto, la revisión judicial de los dictámenes administrativos está limitada a determinar si hay evidencia sustancial en el expediente para sostener la conclusión de la agencia o si esta actuó de forma arbitraria, caprichosa o ilegal. *Íd.* Por tanto, si una parte afectada por un dictamen administrativo impugna las determinaciones de hecho, esta tiene la obligación de derrotar, con suficiente evidencia, que la decisión del ente administrativo no está justificada por una evaluación justa del peso de la prueba que tuvo ante su consideración. *Capó Cruz v. Junta de Planificación, supra;*

*Rebollo v. Yiyi Motors,* 161 DPR 69, 77 (2004). De no identificarse y demostrarse esa otra prueba en el expediente administrativo, las determinaciones de hechos deben sostenerse por el tribunal revisor, pues el recurrente no ha logrado rebatir la presunción de corrección o legalidad. *O.E.G. v. Rodríguez,* 159 DPR 98, 118 (2003).

**-B-**

Luego del paso de los Huracanes Irma y María en el 2017, el Banco de Desarrollo Económico comenzó a ofrecer una Subvención de Recuperación, a través del Programa SBF, con el propósito de ayudar a las pequeñas empresas a reiniciar sus operaciones y fomentar el crecimiento de la actividad comercial y económica. Sección 2 de las Guías del Programa SBF.[3] A esos efectos, las pequeñas empresas son elegibles para solicitar la referida subvención, siempre y cuando puedan evidenciar la existencia de: (1) daños e interrupciones relacionadas con el paso de los Huracanes; y (2) una necesidad no satisfecha de recuperación y crecimiento. *Íd.*

Particularmente, la Sección 8 de las Guías del Programa SBF consagra los requisitos de elegibilidad para ser acreedor del beneficio, a saber:

- Debe ser una microempresa (cinco (5) empleados a tiempo completo o menos), o una pequeña empresa (setenta y cinco (75) empleados a tiempo completo o menos).

- La empresa debe estar localizada en Puerto Rico e inscrita para operar en Puerto Rico (el Programa SBF evaluará la elegibilidad de las organizaciones sin fines de lucro sobre la base de ingresos devengados en proporción a sus operaciones);

    o La empresa debe haber estado en operación al momento del huracán o los huracanes. Esto significa que debió estar abierta en o antes del 6 de septiembre de 2017 para el huracán Irma; en o antes del 20 de septiembre de 2017 para el huracán María, y:

- El negocio está abierto o en operaciones al momento de presentar la solicitud de ayuda al Programa SBF; o

- Los dueños de la empresa tienen previsto reabrir y operar el mismo negocio, lo que significa que van a resumir las mismas operaciones o el mismo negocio; o

- El propietario abrió un negocio distinto en fecha posterior al 20 de septiembre de 2017, es decir, un nuevo negocio recién registrado bajo

---

[3] Se utiliza la versión Número 5 de las Guías del Programa SBF, del 23 de diciembre de 2021, por ser las vigentes al momento de la solicitud.

el nombre del mismo propietario(s) de una empresa cerrada o fuera de operaciones debido al paso de los huracanes Irma y/o María, pero antes del lanzamiento del Programa SBF el 25 de marzo de 2020.

- **La empresa debe presentar evidencia de haber sufrido pérdida financiera o física a causa del impacto directo de los Huracanes.** El Programa SBF no requiere que un negocio demuestre pérdidas financieras y física. Los daños físicos evaluados por terceros, cálculos de pérdidas financieras, o prueba de un cierre permanente del negocio, puede servir de evidencia de daño físico o perdida financiera y serán utilizados por el Programa SBF para determinar elegibilidad al Programa;

  o **Para ser elegible por pérdidas físicas, la empresa debe demostrar que sufrió un mínimo de cinco mil dólares ($5,000) en daños físicos verificados por terceros.**

  o **Para ser elegible por pérdidas financieras, la empresa debe demostrar al menos una de las siguientes:**

  o **Pérdida financiera documentada por las planillas corporativas del Estado de Libre Asociado de Puerto Rico del año 2017 o 2018 reflejando a su vez una cantidad mayor al $0 para ingreso bruto; o**

  o **Un descenso en sus ingresos brutos anuales de un quince por ciento (15%) entre 2016 a 2017 o de 2017 a 2018 reflejando a su vez una cantidad mayor a $0 para ingreso bruto; o**

  o Prueba de cierre de un negocio anterior del mismo dueño(s).

  o Las empresas actualmente cerradas o fuera de operaciones deben demostrar como utilizarán los fondos para lograr la reapertura del negocio.

  o No es requisito para las empresas actualmente cerradas o fuera de operaciones reabrir en la misma ubicación en el que operaban antes de los huracanes.

  o La empresa debe tener necesidades insatisfechas elegibles luego del Programa SBF haber contabilizado toda duplicación de beneficios DOB, por sus siglas en inglés).

  o Negocios solicitantes de subvenciones mayores a cincuenta mil ($50,000) deben completar y firmar el formulario de "Promesa de Creación de Empleo" para prometer la creación de al menos un (1) empleo como resultado directo de recibir la subvención. El Programa SBF validará la creación del puesto de empleo durante el proceso de Cierre del Programa mediante un informe de nómina que cubra al menos seis (6) meses de la operación del negocio después de recibir la asistencia financiera del programa.

(Énfasis suplido)

### III.

Atenderemos los planteamientos relacionados a nuestra jurisdicción con primacía. La agencia recurrida arguye que esta Curia carece de jurisdicción para

atender el recurso, debido al incumplimiento de la recurrente con el Reglamento del Tribunal de Apelaciones. En específico, señala que el Apéndice del recurso se encuentra ausente de al menos cuatro (4) documentos indispensables para hacer constar nuestra jurisdicción, a saber: (1) la solicitud original; (2) la solicitud de revisión administrativa; (3) la moción de desestimación instada por el DVPR; y (4) los anejos incluidos en la moción en oposición a la moción de desestimación. Así dispuesto, arguye que la señora Burns Jiménez incumplió con la Regla 59 de nuestro Reglamento. Por tanto, expone que, debido a que los referidos documentos son indispensables para auscultar nuestra jurisdicción, procede la desestimación del recurso de revisión.

A su vez, expone que el Apéndice contiene documentos que no forman parte del expediente administrativo, tal como la Ejecución de Hipoteca. Siendo así, aduce que no debemos tomar en consideración los documentos y argumentos que no fueron presentados ante el foro administrativo.

La Regla 59 (E)(2) del Reglamento del Tribunal de Apelaciones[4] expresamente dispone que "[l]a omisión de incluir documentos en el apéndice no será causa de desestimación del recurso". Ciertamente, el apéndice del recurso se encuentra ausente de los documentos señalados por el DVPR. Sin embargo, dicha omisión no nos impide auscultar nuestra jurisdicción sobre el recurso. La determinación recurrida resulta suficiente para constatar que esta Curia ostenta jurisdicción para atender el recurso de epígrafe.

Por otra parte, la precitada regla estipula que el apéndice "sólo contendrá copias de documentos que formen parte del expediente original ante el foro administrativo". En caso de que la parte recurrente, plantee un error sobre exclusión indebida de la prueba, "incluirá **en un apéndice separado** copia de la prueba ofrecida y no admitida". (Énfasis suplido)

En el caso que nos ocupa, la recurrente no realizó ningún planteamiento de error relacionado a la exclusión indebida de la prueba. Sin embargo, presentó evidencia que no forma parte del expediente administrativo. Como resultado,

---

[4] Regla 59 (E)(5) del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 84, 215 DPR __ (2025).

este Tribunal está impedido de tomar en consideración el documento intitulado "Ejecución de Hipoteca".

Ahora bien, en el presente recurso, la parte recurrente sostiene que la agencia recurrida incidió al: (1) aplicar rigurosamente las Guías del Programa SBF, sin valorar la naturaleza ambulatoria del negocio; (2) disponer que los daños debían ser verificados por un tercero; (3) no tomar en consideración la totalidad de la prueba testimonial y documental; y (4) determinar que los daños fueron causados por el desuso de la propiedad y no por el paso de los huracanes. Destacamos que la recurrente no realizó una discusión individualizada de los errores señalados. Por este haber sido el proceder de la parte recurrente, discutiremos los señalamientos de error de manera conjunta.

En aras de participar del Programa SBF, los solicitantes vienen obligados a evidenciar que sus negocios sufrieron pérdidas físicas o financieras como consecuencia del paso de los Huracanes Irma y/o María. Según hemos reseñado, para ser elegibles por pérdidas físicas, deberán demostrar que sufrieron un mínimo de $5,000.00 en daños físicos, los cuales deberán ser verificados por un tercero. En cambio, para ser elegibles por pérdidas financieras, los solicitantes podrán presentar una de las siguientes: (1) planillas corporativas del Estado Libre Asociado de Puerto Rico, del año 2017 a 2018, reflejando una cantidad mayor a $0 para ingreso bruto; (2) un descenso en sus ingresos brutos anuales de un quince por ciento (15%) entre 2016 a 2017 o 2017 a 2018, reflejando una cantidad mayor a $0 para ingreso bruto; o (3) prueba de cierre de un negocio anterior del mismo dueño. Adelantamos que la señora Burns Jiménez no cumplió con los requisitos para ser elegible de participar en el Programa SBF.

De entrada, señalamos que, a pesar de que la recurrente arguye que la agencia recurrida no analizó la totalidad de la prueba testimonial y documental, no especifica la evidencia que presuntamente no fue tomada en consideración. Tras un análisis sosegado de la prueba documental, así como la TPO vertida durante la Vista Adjudicativa, constatamos que la determinación del DVPR fue basada en el conjunto de la prueba ofrecida por la señora Burns Jiménez.

Con la intención de evidenciar daños físicos, la recurrente presentó una serie de fotografías que demostraban daños a la vivienda en la que operaba su negocio. No obstante, las fotografías, de por sí, no resultaban suficientes para evidenciar que los daños fueron ocasionados por los huracanes y que estaban valorados en más de $5,000.00. Para ello, la señora Burns Jiménez presentó una declaración jurada suscrita por un perito electricista. Para un cabal entendimiento, citamos en su totalidad lo declarado bajo juramento:

1. Que mi nombre y circunstancias personales son las indicadas.

2. Que soy perito electricista con número de licencia número: 6728.

3. Que he realizado y realizo trabajos eléctricos para la Sra. Vivian Burns.

4. **Que luego del paso del Huracán María, inspeccioné la propiedad de la Sra. Burns encontrando equipos electrónicos afectados y electricidad afectada, entre otros, debido a la entrada de agua a la propiedad dañando equipos.**

5. Las fotos del icloud del mes septiembre de 2017, pertenecen a la dirección de Zenobia D17, Vilas de Cupey, SJ, PR, 00926.

6. **La Sra. Burns, tuvo daños físicos aproximados por más de $5,000.00.**

7. Que todo lo antes esbozado es cierto por constarme de propio y personal conocimiento.[5]

Conforme surge, la declaración jurada no especifica cuál fue la propiedad inspeccionada o la fecha en que se realizó la inspección. Tampoco señala con especificidad cuáles fueron los daños sufridos, fuera de expresar que se afectó la electricidad y ciertos equipos eléctricos. Ante ello, el documento resulta insuficiente para evidenciar que la propiedad donde ubicaba el negocio sufrió daños físicos, por más de $5,000.00, a consecuencia del paso de los Huracanes Irma y/o María. Debido a la ausencia de evidencia que demostrara que los daños fueron el resultado del paso de los huracanes, el DVPR venía obligado a denegar la subvención solicitada por la señora Burns Jiménez, a raíz de los daños físicos.

Asimismo, durante la Vista Adjudicativa, la recurrente testificó que, como resultado de los vientos del huracán María, se rompieron varias ventanas de la

---

[5] *Véase*, Apéndice del recurso, Entrada Núm. 3, Anejo Núm. 8.

residencia donde operaba en San Juan.[6] A raíz de ello, manifestó que el agua entró a su oficina y la inundó, dañando así distintos equipos y materiales.[7]

Surge de la TPO que, aun cuando la señora Burns Jiménez expresó haber sufrido daños físicos por el paso de los huracanes, no precisó que los mismos fueran por una cantidad mayor a $5,000.00. La recurrente tampoco testificó sobre el costo original de los materiales y equipos dañados, ni el costo para reponerlos o arreglarlos.

Por otra parte, a los efectos de demostrar que el negocio sufrió pérdidas financieras, la recurrente presentó sus Planillas de Contribución sobre Ingresos, correspondientes a los años 2016-2018. Mediante su testimonio, la recurrente se limitó a señalar que sus pérdidas financieras consistieron en recibir "menos dinero".[8] De manera particular, la señora Burns Jiménez únicamente expresó que, conforme a la Planilla de Contribución sobre Ingresos correspondiente al año 2017-2018, ganó $14,207.00.[9]

Por el contrario, el Oficial de Reconsideración, el señor Alers Morales, testificó que las planillas no documentaron pérdidas financieras.[10] En específico, señaló que, conforme a las planillas, la señora Burns Jiménez obtuvo un aumento en sus ingresos.[11] Siendo así, la prueba presentada por la recurrente no resultó suficiente para probar que sufrió una reducción en sus ingresos brutos anuales, conforme exigen las Guías del Programa.

De igual manera, la recurrente destaca que, luego del paso de los huracanes, su madre se vio obligada a entregar la propiedad ubicada en San Juan donde residía y operaba su negocio. Surge del documento intitulado "Entrega Voluntaria" que el inmueble fue entregado en el año 2013, mientras que la señora Burns arguye que fue entregado en el año 2018. Aun tomando como cierto lo alegado por la recurrente, ello no demuestra pérdida financiera o daños físicos, según exigido por las Guías del Programa.

---

[6] *Véase*, TPO, págs. 14-15.
[7] *Íd.*
[8] *Íd.*, pág. 23.
[9] *Íd.*, pág. 29.
[10] *Íd.* págs. 51-53.
[11] *Íd.*, pág. 53.

Además, la señora Burns Jiménez intenta argumentar que el DVPR incidió al no tomar en consideración que sufrió pérdidas financieras mediante el cierre de un negocio anterior. Sin embargo, tal argumento no fue presentado ante la agencia recurrida. El Tribunal Supremo de Puerto Rico ha resuelto que los tribunales apelativos no debemos considerar señalamientos de errores que no fueron sometidos por las partes ante el foro revisado. Véase, *Trabal Morales v. Ruiz Rodríguez*, 125 DPR 340, 351 (1990)

Más aun, la recurrente no desfiló prueba a los efectos de establecer el cierre del negocio, conforme requieren las Guías del Programa.

Finalmente, la recurrente enfatiza que el DVPR debía tomar en consideración que el negocio, presuntamente, era de naturaleza ambulante. Advertimos que la recurrente no explicó cómo la naturaleza del negocio incide sobre la determinación de la agencia recurrida. Asimismo, tal argumento resulta irrelevante ante el hecho de que la señora Burns Jiménez no logró evidenciar pérdidas financieras o daños físicos. Como consecuencia, la agencia recurrida venía obligada a denegar la solicitud.

## IV.

Por los fundamentos que anteceden, los cuales hacemos formar parte de esta Sentencia, se *confirma* la determinación recurrida.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones